IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAYLOR JOHNELLE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05cv62-WKW |
| | ) | (WO) |
| SIDNEY WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Taylor Johnelle Wilson ("Wilson"), a prison inmate, contends that Sidney Williams ("Williams"), Chairman of the Alabama Board of Pardons and Paroles ("the Board"), and Nancy McCreary ("McCreary"), a member of the Board, relied on false information in a pre-sentence report to deny him parole consideration. In addition, he asserts that Ellen Brooks ("Brooks"), Montgomery County District Attorney, submitted this knowingly false information to the Board. Wilson also challenges the state courts' decisions concerning the use of false information at sentencing and as a basis to deny his parole. Wilson seeks relief from this court directing the defendants to grant him an additional parole hearing, provide him a copy of his pre-sentence report, expunge false information from his institutional file, and vacate his sentence.

The defendants filed special reports and supporting evidentiary materials addressing

Wilson's claims for relief. (Doc. Nos. 9, 10, 11, & 23.) Pursuant to this court's February 22, 2005, order (Doc. No. 5), the court deems it appropriate to treat these special reports as motions for summary judgment. Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions, the evidentiary materials filed in support thereof, and Wilson's responses to the motions, the court concludes that the defendants' motions for summary judgment should be granted.

## II. FACTS

In 1991, Wilson was convicted of first-degree rape and was sentenced to 30 years' imprisonment. (Attach. to Doc. No. 10.) During trial, the victim testified that Wilson told her that he was a member of a criminal gang and that he had come to Montgomery on a mission to eliminate Mayor Folmar. (Doc. No. 9, p. 5.) Wilson denies making this statement.

Prior to Wilson's parole hearing in February 2003, the Board sent the Montgomery County District Attorney's Office a notice of the hearing. (Attach. to Doc. No. 10, Brooks' Affidavit, p. 1.) A Deputy District Attorney sent a response to the Board objecting to Wilson's application for parole. (*Id*.)

On February 3, 2003, the Board conducted a hearing and denied Wilson's application for parole. (Doc. No. 1, p. 2.) Shortly after the hearing, Wilson's mother sent Wilson a letter, in which she informed him that the victim was present at the hearing and that "what

2

we believed happen[ed] is about the statements you made 11 years ago about Mayor Folmar." (Attach. to Doc. No. 26, Pl's Ex. B.)

### III.  STANDARD OF REVIEW

To survive a defendant's properly supported motion for summary judgment, the plaintiff is required to produce some evidence based on personal knowledge which would be admissible at trial supporting his constitutional claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Specifically, the plaintiff must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324.  A plaintiff's conjectural and conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment.  *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all admissible evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate.  *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to establish that there is a genuine issue as to a material fact in order to preclude summary judgment.

## IV.  DISCUSSION

### A.  The False Information Claims

Wilson asserts that the information contained in his file which indicates that he was a member of a gang and planned to harm Mayor Emory Folmar is false, and he argues that the Board should be denied the right to use this information against him. In addition, he asserts that Brooks provided the Board with this information with knowledge of its falsity.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the court held that reliance on *admittedly* false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the Constitution. However, the *Monroe* court was careful to distinguish its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir. 1982).

> Our holding today does not conflict with our earlier holding in *Slocum*, *supra*.  In *Slocum*, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board

4

would surely have granted him parole. *Slocum*, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in *Slocum* the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in *Slocum* that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. *Id.* at 942. We also determined that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. *Id.* In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. *Thomas* [*v. Sellers*], 691 F.2d [487] at 489 [(11th Cir. 1982)].

*Slocum* controls the disposition of the instant case. The defendants do not admit that the information contained in Wilson's file is false; rather, the members of the Board maintain that, although they "do not know whether [Wilson] is actually affiliated with any criminal gang, nor do [they] know whether he was assigned to assassinate anyone, . . . [they] do believe . . . that he claimed to have those criminal affiliations in order to intimidate the woman he raped and to frighten her into submitting to him." (Attachs. to Doc. No. 23, Affids. of Williams and McCreary, p. 2.) Brooks also maintains that she was not personally involved in the parole protest and that she did not knowingly place false or erroneous

information in the pre-sentence report or before the Board.[1] (Attach. to Doc. No. 10, Brooks' Affid., p. 1.)  It is therefore evident from the foregoing that there is no admission by the defendants that the information on which they relied is false.  Moreover, Wilson has failed to come forward with any evidence demonstrating that the defendants knowingly used false information during the parole review process.  Nevertheless, even without evidence to the contrary, Wilson's assertion that the information in his file is false does nothing more than raise the possibility that the information may be false.  *Monroe*, 932F.2d at 1142; Jones v. Ray, 279 F.3d 944 (11th Cir. 2001) ("[P]risoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim.").  The mere possibility that false information was used by the defendants is insufficient under *Monroe* to demonstrate arbitrary or capricious treatment.  Since it is undisputed that the defendants did not rely on *admittedly* false information, Wilson is entitled to no relief as a matter of law and summary judgment is due to be granted in favor of the defendants on this claim.

### B. The Hearsay Claim

To the extent Wilson contends that the defendants failed to verify the information contained in the post-sentence report or relied on hearsay statements during the parole proceeding, his contention is unavailing.  There is absolutely no constitutional prohibition

---

[1] Brooks also asserts that she did not serve as the Montgomery County District Attorney at the time the pre-sentence report was prepared or during Wilson's sentencing. (Attach. to Doc. No. 10, Brooks' Affid., p. 1.)

against a parole board using information in a pre-sentence report absent a showing that it is knowingly false. The Constitution does not require that a parole board conduct adversarial hearings to resolve disputed issues of fact. *See, e.g., Vargas v. United States Parole Commission*, 865 F.2d 191,195 (9th Cir. 1988)(parole commission may rely on hearsay and unadjudicated misconduct in denying parole). In light of the foregoing, the court concludes that this claim entitles Wilson to no relief.

### C. The Challenge to the State Court Proceedings

Wilson argues that the state courts violated his constitutional rights during proceedings related to his petition for writ of certiorari, wherein he sought judicial review of the Board's denial of his application for parole. He seeks declaratory and injunctive relief for adverse rulings issued by the state courts in the aforementioned proceedings. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, ____ U.S. ____, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Wilson from proceeding before this court with respect to his challenge to state court decisions as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court

7

proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, dismissal of Wilson's claims for declaratory and injunctive relief arising from actions taken by the Montgomery County Circuit Court and Alabama Court of Criminal Appeals during state court proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### E.  The Challenges to Plaintiff's Convictions

To the extent that Wilson presents claims challenging his conviction entered against him by the state court and seeks a reversal of the state court's decision affirming the denial of his request for parole, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless

and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas

9

corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Wilson in this cause of action on challenges to the constitutionality of the conviction imposed upon him by the State of Alabama and the denial of his request for parole would necessarily imply the invalidity of his conviction and any sentence imposed for such conviction. The complaint establishes that the conviction about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1.     The defendants' motions for summary judgment with respect to the false information and hearsay claims be granted. (Doc. Nos. 9 & 10.)

2.     To the extent Wilson requests declaratory and injunctive relief arising from actions taken by the Montgomery County Circuit Court and Alabama Court of Criminal Appeals during state court proceedings related to his petition for a writ of certiorari, these claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     3.     To the extent Wilson presents claims challenging the conviction entered against him by the state court and seeks a reversal of the state court's decision affirming the denial of his request for parole, these claims be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the **on or before August 31, 2006**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of August, 2006.

                                      /s/Charles S. Coody
                                CHARLES S. COODY
                                CHIEF UNITED STATES MAGISTRATE JUDGE